Mar 27 13 04:35p    Richard Lewis    214-328-8151    p.1

Form NLRB - 501 (2-08)

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 15-CA-101311 | 3/27/2013 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| SOUTHERN BAKERIES LLC | | (870)777-9031 |
| | | c. Cell No. |
| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
| 2700 E 3RD ST, HOPE, AR 71801-6237 | RICKEY GLENN LEDBETTER, Executive Vice-President | (870)777-2406 |
| | | g. e-Mail |
| | | h. Dispute Location (City and State) Hope, AR |
| i. Type of Establishment (factory, nursing home, hotel) | j. Principal Product or Service | k. Number of workers at dispute location |
| Bakery | Baked Goods | 186 |

l. The above-named employer has engaged in and is engaging unfair labor practices within the meaning of section 8(a), subsections (1) and (3), (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

## SEE ATTACHED

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
BAKERY, CONFECTIONARY, TOBACCO AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Tel. No. |
|---|---|
| 1720 OCALLA AVE, DALLAS, TX 75218-4239 | (214)328-8151 |
| | 4c. Cell No. |
| | (817)239-6098 |
| | 4d. Fax No. |
| | (214)321-5046 |
| | 4e. e-Mail |
| | BCTGMLOCAL111@AOL.COM |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

BAKERY, CONFECTIONARY, TOBACCO AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By: /s/ Richard Lewis
(signature of representative or person making charge)

Print Name and Title: RICHARD LEWIS, Financial Secretary/Treasurer

Address: 1720 OCALLA AVE, DALLAS, TX 75218-4239

Date: 03/27/2013

Tel. No. (214)328-8151
Office, if any, Cell No (817)239-6098
Fax No. (214)321-5046
e-Mail BCTGMLOCAL111@AOL.COM

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit A

1. On or about November 2012, the above-named Employer, through its officers, agents, and supervisors, unilaterally changed employees work conditions by installing video cameras in the lunch room areas.
2. On or about November 2012, the above-named Employer, through its officers, agents, and supervisors, installed video cameras in the lunch room giving the impression of surveillance of union activities.
3. Since on or about November 2012, the above-named Employer, through its officers, agents, and supervisors, has failed and refused to bargain with the Union regarding its instillation of surveillance cameras in the lunch rooms.
4. For the last six months and continuing, the above-named Employer, through its officers, agents, and supervisors, made working conditions harder on Earnest Beasley in retaliation for his union activities.
5. On or around January 7, 2013, the above-named Employer, through its officers, agents, and supervisors, hindered access of Union representatives by unilaterally changing the space utilized in meetings with employees.
6. On or around January 7, 2013, the above-named Employer, through its officers, agents, and supervisors isolated the Union, and affected its ability to visit with employees by blocking the windows between the small and large lunch rooms.
7. On or around January 7, 2013, by e-mail, the Employer, through its officers, agents, and supervisors, told the Union that it could only come to the facility for the purpose of seeing that the agreement was being observed, told the Union that it was not permitted to hold general solicitation or propaganda meetings with bargaining unit employees, threatened the Union to no longer allow them on the premises if the Union engaged in any activities at the facility that the Employer deemed to be more than for the purpose of seeing that the agreement was being observed, informed the Union that it would not be permitted to interact with employees in the large lunch room or any other area of the plant, and informed the Union that it would ensure the terms and conditions of the contract were abided by, all in violation of its past practice.
8. On or around January 8, January 10, January 16, 2013, and again on February 7, 2013 the above-named Employer, through its officers, agents, and supervisors, unilaterally changed the conditions upon which it gave the Union access to the plant for union visitations by imposing Employer notifications and guidelines the Union would be expected to comply with, told the Union that it could not promote or talk about the upcoming election with employees, and warned the Union that visitation had to follow the Employer's guidelines and conditions if it intended to continue coming to the plant for union visitations.
9. Since on or around January 12, 2013, and continuing, the above-named Employer, through its officers, agents, and supervisors, unlawfully spied on employee union activities by sending employees to attend union meetings and report information back to them.
10. In January 2013, and continuing, the Employer, by Dan Banks, monitored employee activity during union visits in the lunchroom by closely observing which employees had entered the lunch room where Union Representatives were present.
11. On or around January 16, 2013 the above-named Employer, through its officers, agents, and supervisors, threatened to no longer allow the Union access to the plant for union visitations.

12. On or around January 16, 2013 the above-named Employer, through its officers, agents, and supervisors, suspended Earnest Beasley in retaliation for his union activities.
13. On or around January 17, 2013, the above-named Employer, through its officers, agents, and supervisors, by Dan Banks, entered the lunch room while employees were visiting with Union Reps, surveilled and/or gave employees the impression that their union activities were under surveillance
14. On or around January 17, 2013 the above-named Employer, through its officers, agents, and supervisors posted a memo to employees making disparaging comments about the Union and implying that the Union has not been representing the employees.
15. On or around January 21, 2013 the above-named Employer, through its officers, agents, and supervisors, by e-mail, the Employer a) unilaterally began to require the Union to specify the reason for its visits and justification for the visits and; b) threatened to no longer allow union visitations and threatened arrests of union officials for trespassing.
16. On or around January 22, 2013 the above-named Employer, through its officers, agents, and supervisors, terminated Earnest Beasley in retaliation for his union activities.
17. On or around January 23, 2013, and again February 1, 2013 the above-named Employer, through its officers, agents, and supervisors, held captive audience meetings where it made statements and threats to employees that: 1) The Union made promises it couldn't keep and would promise the moon to keep collecting union dues from employees; 2) the Union was the cause of Hostess going bankrupt; 3) if the Union remained at the facility the employees would end up just like those at Hostess; 4) The Union was putting the company at risk; 5) other employees got raises because they were not in the Union and the Employer could not give bargaining unit employees a raise because they were under a union contract, 6) the Union costs the Employer too much money and that is why the represented employees were not getting raises; 7) employees who reported that others were harassing them about the union could be fired, and instructed employees to report such activity; 8) the Union could not get raises for the employees and could not get the employees anything that the Employer did not give them; 9) the Union was responsible for companies going out of business; 10) strikes were done by the Union to cause the company problems and that was the wrong thing to do; 11) the Hostess plant shut down because of the Union; 12) the Union did nothing but spend employees money; 13) the Union was filing charges to keep the employees from being able to go to an election, and the Employer instructed employees to ask the Union why it would not let them vote and make a decision for themselves; 14) the Union went on strike at Hostess causing all employees to lose their jobs, and causing the employees not to have Christmas; 15) everything given to the employees came from the Employer and not from the Union because the Union did not pay the employees' salary; 16) the Employer did not like the Union; 17) the Union only took employees money; 18) Union's drag companies down resulting in companies not surviving; 19) Union's hurt Employer success, cripple team unity, and cost employee's their jobs; and 20) continuing to be represented by the Union could affect long-term success and job security.
18. On or around January 23, 2013 and again on February 1, 2013 the Employer promised money to employees in exchange for employees returning coupons with union signatures.

19. On or around January 23, 2013 and again on February 1, 2013 the Employer showed slides in the captive audience speech meeting showing plant closures, making statements disparaging the Union, and ,making statements that it would be futile to support the Union.
20. On or around February 4, 2013 the above-named Employer, through its officers, agents, and supervisors, interrogated employees regarding their discussion of the union with co-workers.
21. On or around February 4, 2013 the above-named Employer, through its officers, agents, and supervisors placed Vicki Loudermilk, Sandra Phillips and Lorraine Marks under investigation due to their union activities.
22. On or around February 8, 2013 and continuing, the above-named Employer, through its officers, agents, and supervisors denied access to the Union for plants visitations.
23. On or around February 12, 2013 the above-named Employer, through its officers, agents, and supervisors , posted a memo to employees stating that 1) the Union made promises it couldn't keep; 2) employees would receive money for signed returned union coupons; 3) bargaining unit employees did not receive raises due to the Union; 4) the Union causes bickering, back-stabbing, and harassment; 5) the Union filed silly grievances; 5) the Union threatened boycotts and strikes and; 6) the Union was filing meritless board charges.

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| SOUTHERN BAKERIES LLC<br><br>Charged Party<br><br>and<br><br>BAKERY, CONFECTIONARY, TOBACCO AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111<br><br>Charging Party | Case 15-CA-101311 |

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on March 29, 2013, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

RICKEY GLENN LEDBETTER, Executive
Vice-President, General Manager
SOUTHERN BAKERIES LLC
2700 E 3RD ST
HOPE, AR 71801-6237

DAVID L. SWIDER, Attorney
BOSE MCKINNEY & EVANS LLP
111 MONUMENT CIR STE 2700
INDIANAPOLIS, IN 46204-5120

SANDRA PERRY, ESQ.
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

| March 29, 2013 | Miranda Middleton, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Miranda Middleton |
| | Signature |