Form NLRB - 501 (2-08)

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 15-CA-101311 | 7/31/2013 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| SOUTHERN BAKERIES LLC | | (870)777-9031 |
| | | c. Cell No. |
| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
| 2100 E 3rd St, Hope, AR 71801-6237 | RICKEY GLENN LEDBETTER, Vice President | (870)777-2406 |
| | | g. e-Mail |
| | | h. Dispute Location (City and State) Hope, AR |
| i. Type of Establishment (factory, nursing home, hotel) Bakery | j. Principal Product or Service Baked Goods | k. Number of workers at dispute location 186 |

l. The above-named employer has engaged in and is engaging unfair labor practices within the meaning of section 8(a), subsections (1) and (3), (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

## SEE ATTACHED.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
BAKERY, CONFECTIONARY, TOBACCO AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Tel. No. |
|---|---|
| 1720 Ocalla Ave, Dallas, TX 75218-4239 | (214)328-8151 |
| | 4c. Cell No. (817)239-6098 |
| | 4d. Fax No. (214)321-5046 |
| | 4e. e-Mail BCTGMLOCAL111@AOL.COM |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By *(signature)* | RICHARD LEWIS, Financial Secretary-Treasurer | Tel. No. (214)328-8151 |
|---|---|---|
| (signature of representative or person making charge) | Print Name and Title | Office, if any, Cell No. (817)239-6098 |
| Address: 1720 Ocalla Ave, Dallas, TX 75218-4239 | Date: 07/31/2013 | Fax No. (214)321-5046 |
| | | e-Mail BCTGMLOCAL111@AOL.COM |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit B

### First Amended Charge Allegations

1. On or about November 2012, the above-named Employer, through its officers, agents, and supervisors, unilaterally changed employees work conditions by installing video cameras in the lunch room areas.
2. On or about November 2012, the above-named Employer, through its officers, agents, and supervisors, installed video cameras in the lunch room giving the impression of surveillance of union activities.
3. Since on or about November 2012, the above-named Employer, through its officers, agents, and supervisors, has failed and refused to bargain with the Union regarding its instillation of surveillance cameras in the lunch rooms.
4. On or around January 7, 2013, the above-named Employer, through its officers, agents, and supervisors, hindered access of Union representatives by unilaterally changing the space utilized in meetings with employees.
5. On or around January 7, 2013, the above-named Employer, through its officers, agents, and supervisors isolated the Union, and affected its ability to visit with employees by blocking the windows between the small and large lunch rooms.
6. On or around January 7, 2013, by e-mail, the Employer, through its officers, agents, and supervisors, told the Union that it could only come to the facility for the purpose of seeing that the agreement was being observed, told the Union that it was not permitted to hold general solicitation or propaganda meetings with bargaining unit employees, threatened the Union to no longer allow them on the premises if the Union engaged in any activities at the facility that the Employer deemed to be more than for the purpose of seeing that the agreement was being observed, informed the Union that it would not be permitted to interact with employees in the large lunch room or any other area of the plant, and informed the Union that it would ensure the terms and conditions of the contract were abided by, all in violation of its past practice.
7. On or around January 8, January 10, January 16, and again on February 7, 2013, the above-named Employer, through its officers, agents, and supervisors, unilaterally changed the conditions upon which it gave the Union access to the plant for union visitations by imposing Employer notifications and guidelines the Union would be expected to comply with, told the Union that it could not promote or talk about the upcoming election with employees, and warned the Union that visitation had to follow the Employer's guidelines and conditions if it intended to continue coming to the plant for union visitations.
8. On or around January 16, 2013 the above-named Employer, through its officers, agents, and supervisors, threatened to no longer allow the Union access to the plant for union visitations.
9. On or around January 16, 2013 the above-named Employer, through its officers, agents, and supervisors, suspended Earnest Beasley in retaliation for his union activities.
10. On or around January 17, 2013 the above-named Employer, through its officers, agents, and supervisors posted a memo to employees undermining the union and threatening plant closure.
11. On or around January 21, 2013 the above-named Employer, through its officers, agents, and supervisors, by e-mail, the Employer a) unilaterally began to require the Union to specify the reason for its visits and justification for the visits and; b) threatened to no longer allow union visitations and threatened arrests of union officials for trespassing.
12. On or around January 22, 2013 the above-named Employer, through its officers, agents, and supervisors, terminated Earnest Beasley in retaliation for his union activities.

13. On or around January 23, 2013, and again February 1, 2013 the above-named Employer, through its officers, agents, and supervisors, held captive audience meetings where it made statements of futility, coercive statements, implied threats of plant closure, and threats of plant closure by the following statements to employees:
    1. The Union was the cause of Hostess going bankrupt;
    2. The Union was putting the company at risk;
    3. Other employees got raises because they were not in the Union and the Employer could not give bargaining unit employees a raise because they were under a union contract,
    4. The Union costs the Employer too much money and that is why the represented employees were not getting raises;
    5. Employees who reported that others were harassing them about the union could be fired, and instructed employees to report such activity;
    6. The Union could not get raises for the employees and could not get the employees anything that the Employer did not give them;
    7. The Union was responsible for companies going out of business;
    8. The Hostess plant shut down because of the Union;
    9. The Union went on strike at Hostess causing all employees to lose their jobs, and causing the employees not to have Christmas;
    10. Everything given to the employees came from the Employer and not from the Union because the Union did not pay the employees' salary;
    11. You are voting on whether you want to pay this union to put all your wages, benefits and working conditions on the bargaining table again and risk them in a game of high stakes poker- a game with one sure winner-the union;
    12. Union's drag companies down resulting in companies not surviving;
    13. Union's hurt Employer success, cripple team unity, and cost employee's their jobs; and
    14. Continuing to be represented by the Union could affect long-term success and job security.
14. On or around January 23, 2013 and again on February 1, 2013 the Employer showed slides in the captive audience speech containing threats of plant closure, implying threats of plant closure, statements disparaging the Union, and implying that it would be futile to support the Union.
15. On or around February 4, 2013 the above-named Employer, through its officers, agents, and supervisors, interrogated employees regarding their discussion of the union with co-workers.
15. On or around February 4, 2013 the above-named Employer, through its officers, agents, and supervisors placed Vicki Loudermilk, Sandra Phillips and Lorraine Marks under investigation due to their union activities.
17. On or around February 8, 2013, April 17, 2013, and continuing, the above-named Employer, through its officers, agents, and supervisors denied access to the Union for plants visitations.

Due to the Employer's willful disregard of the NLRA, its pervasive and egregious unfair labor practices, and the coercive effect of its actions which interfere with employees' rights under Section 7 of the Act, the Union is requesting the Region to take immediate action by the way of injunctive relief through 10(j) of the Act.

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| SOUTHERN BAKERIES LLC<br><br>Charged Party<br><br>and<br><br>BAKERY, CONFECTIONARY, TOBACCO AND GRAIN MILLERS INTERNATIONAL UNION, LOCAL 111<br><br>Charging Party | Case 15-CA-101311 |

**AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on July 31, 2013, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

DAVID L. SWIDER, Attorney
BOSE MCKINNEY & EVANS LLP
111 Monument Cir Ste 2700
Indianapolis, IN 46204-5120

SANDRA PERRY, ESQ.
BOSE MCKINNEY & EVANS LLP
111 Monument Cir Ste 2700
Indianapolis, IN 46204-5120

| | |
|---|---|
| July 31, 2013 | Miranda Middleton, Designated Agent of NLRB |
| Date | Name |
| | /s/ Miranda Middleton |
| | Signature |