IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

M. KATHLEEN MCKINNEY, Regional
Director of Region 15 of the National
Labor Relations Board and on behalf
of the NATIONAL LABOR RELATIONS
BOARD                                                                                                        PLAINTIFF

v.                                             CIVIL NO. 4:14-cv-4037

SOUTHERN BAKERIES, LLC                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Intervene (ECF No. 26) filed on behalf of John Hankins. Plaintiff M. Kathleen McKinney has responded. (ECF No. 32). Proposed Respondent Intervenor John Hankins has replied. The Court finds the matter ripe for consideration.

BACKGROUND

On February 28, 2014, M. Kathleen McKinney ("McKinney"), Regional Director of Region 15 of the National Labor Relations Board ("the Board"), petitioned this Court for relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). McKinney seeks temporary injunctive relief pending the final disposition of a matter before the Board concerning unfair labor practice charges against Southern Bakeries, LLC ("Southern Bakeries"). In her petition, McKinney asserts that Southern Bakeries committed various unfair labor practices that caused employees to withdraw support from the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 111 ("BCTGM"). McKinney asks the Court to order

1

Southern Bakeries to stop committing the alleged unfair labor practices and to recognize and bargain in good faith with BCTGM.

After the filing of the Section 10(j) petition, on April 24, 2014, John Hankins filed the instant motion to intervene. Hankins was the leader of an employee effort to remove BCTGM as the representative of Southern Bakeries employees. Hankins moves to intervene as a matter of right and for permissive intervention.

## DISCUSSION

**1. Intervention as a Matter of Right**

Rule 24 provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Eighth Circuit has stated that this rule requires one seeking intervention to file a timely motion to intervene and the motion must satisfy a "tripartite test." *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d 994, 997 (8th Cir. 1993). The Court will first address whether Hankins's petition is timely. Then, the Court will discuss whether Hankins's application for intervention satisfies the tripartite test.

### A. Timeliness

McKinney asserts that Hankins intervention is untimely because he waited almost two months after the 10(j) petition was filed to intervene. Hankins asserts that his motion to intervene is timely because no ruling on the merits has been issued, no hearing has been

2

scheduled, and no delay will be caused because he does not contemplate the need to file any additional responses to the petition.[1]

Whether a motion to intervene is timely is determined by considering all the circumstances of the case. *Mille*, 989 F.2d at 998. In determining timeliness, factors that bear particular consideration are the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed. *Id.* However, "[n]o ironclad rules" govern this determination. *Id.*

In this case, the Court finds that Hankins's motion to intervene was timely. Hankins filed his motion before the Court issued any ruling on the merits and before the Court scheduled a hearing. Further, Hankins's intervention will not delay the proceedings because he has already filed a response to the petition. Accordingly, the Court finds that Hankins's motion was timely.

### B. Tripartite Test

In addition to timeliness, Hankins must satisfy a tripartite test: "(1) [he] must have a recognized interest in the subject matter of the litigation; (2) that interest must be one that might be impaired by the disposition of the litigation; and (3) the interest must not be adequately protected by the existing parties." *Id.* at 997. Hankins argues that his motion to intervene satisfies this test because his statutory right to refrain from union representation is at stake. McKinney argues that Hankins does not have an interest relating to the subject of this litigation because the relief she requests is a court order requiring Southern Bakeries to recognize BCTGM. McKinney asserts that this relief cannot be sought against Hankins because he is only an employee of Southern Bakeries.

---

[1] Hankins filed a response to McKinney's 10(j) petition the same day he filed his Motion to Intervene. (ECF No. 28).

The Court finds that Hankins has failed to show a recognized interest in the current proceedings. McKinney asks the Court to order Southern Bakeries to recognize BCTGM as the exclusive bargaining representative of the unit employees at Southern Bakeries. McKinney additionally asks the Court to order Southern Bakeries to stop committing alleged unfair labor practices. These remedies cannot be sought against Hankins. Hankins is a single employee[2] of Southern Bakeries, and the Court cannot order him to stop committing unfair labor practices or to recognize and bargain with BCTGM. *See Edmondson v. State of Neb. ex rel. Meyer*, 383 F.2d 123, 127 (8th Cir. 1967) (holding that a proposed defendant intervenor had no interest in the litigation because the plaintiff was not seeking relief against the intervenor and the disposition of the issue would not affect the intervenor's legal interest).

The Court recognizes Hankins's desire that BCTGM not represent him. However, Southern Bakeries refuses to recognize BCTGM and has filed briefs opposing McKinney's 10(j) petition. Thus, Southern Bakeries is representing Hankins's position in the proceedings.[3] Accordingly, because his motion does not satisfy the tripartite test, Hankins cannot intervene as a matter of right.

**2. Permissive Intervention**

Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "The decision to grant or deny a motion for permissive intervention

---

[2] Even though Hankins led the effort to remove BCTGM, Hankins presents no evidence that he is authorized to represent any other employee besides himself.
[3] The Court also notes that Hankins testified in proceedings before the ALJ as Southern Bakeries's witness and his testimony is part of the administrative record.

is wholly discretionary." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).[4]

Hankins asserts that permissive intervention is appropriate because he possesses several defenses that share a "common question of law or fact" with Southern Bakeries's defenses.[5] McKinney asserts that Hankins defenses are legally irrelevant because the issue whether loss of union support is the result of unfair labor practices is not determined by an employee's state of mind.

In *Master Slack*, the National Labor Relations Board set out a four-factor test to determine whether "the unfair labor practices . . . have caused the employee disaffection [with the Union] or at least had a meaningful impact in bringing about the disaffection." *Tenneco Auto., Inc. v. N.L.R.B.*, 716 F.3d 640, 648 (D.C. Cir. 2013) (citing *Master Slack Corp.*, 271 NLRB 78 (1984)). The four-factor test considers: "(1) the length of time between the unfair labor practices and the withdrawal of recognition; (2) the nature of the illegal acts, including the possibility of their detrimental or lasting effect on the employees; (3) any possible tendency to cause employee disaffection from the union; and (4) the effect of the unlawful conduct on the employee morale, organizational activities, and membership in the union." *Master Slack*, 271 NLRB at 84. If a causal relationship is found between unfair labor practices and the loss of employee support for a union, the evidence on which an employer has based its withdrawal of recognition is said to be "tainted," and the withdrawal is unlawful. *In re Miller Waste Mills, Inc.*,

---

[4] A court also looks to whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). The Court has already concluded that Hankins's intervention would not cause an undue delay or prejudice to the original parties when it addressed intervention by right. Thus, the Court will not reconsider this factor in its discussion of permissive intervention.

[5] Specifically, Hankins asserts that his defenses include: "(1) the lack of employee support for Local 111 is not a harm that justifies a preliminary injunction; (2) the order will impair the employees' rights under §7 of NLRA, their constitutional right to free association, and their pecuniary interest; and (3) a final bargaining order will not be issued in the underlying case because Southern Bakeries[] did not affect or invalidate employee signatures on the petitions against union representation."

334 NLRB 466, 468 (2001), *enfd. N.L.R.B. v. Miller Waste Mills*, 315 F.3d 951, 956 (8th Cir. 2003), *cert. denied* 540 U.S. 811 (2003). "An employer cannot rely on an expression of disaffection by its employees which is attributable to its own unfair labor practices directed at undermining support for the union." *Id.*

Thus, in addressing McKinney's petition, the Court's decision will not be based on whether a single employee opposes union representation. The Court will consider whether Southern Bakeries committed unfair labor practices and whether those practices caused the employees to disavow the union. Therefore, Hankins does not have a common question of law or fact, and permissive intervention is not warranted in this case.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court finds that the Motion to Intervene filed on behalf of John Hankins should be and hereby is **DENIED.**

**IT IS SO ORDERED**, this 23rd day of June, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge