IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

M. KATHLEEN MCKINNEY, Regional
Director of Region 15 of the National
Labor Relations Board and on behalf
of the NATIONAL LABOR RELATIONS
BOARD                                                                                                  PETITIONER


V.                                          CIVIL NO. 4:14-cv-4037


SOUTHERN BAKERIES, LLC                                                                  DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Southern Bakeries, LLC's ("Southern Bakeries") Motion for Stay of Preliminary Injunction Pending Appeal. (ECF No. 42). Petitioner M. Kathleen McKinney ("McKinney"), the Regional Director of Region 15 of the National Labor Relations Board, has responded. (ECF No. 46). The Court finds this matter ripe for consideration.

## BACKGROUND

Southern Bakeries seeks a stay pending its appeal of the Court's Order granting Petitioner's Motion for a Preliminary Injunction. (ECF No. 41). The Court's Order requires Southern Bakeries to bargain with the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 111 ("the Union") in good faith to an agreement or impasse. On appeal, Southern Bakeries contends that the Court erred in finding that McKinney had presented sufficient evidence of a causal nexus between the alleged unfair labor practices and the employees' decision to submit a withdrawal-of-recognition petition. Southern Bakeries maintains that it was the employees' free choice to divest from the union, and the injunction will

1

irreparably harm Southern Bakeries because it must continue bargaining with a union that the majority of its employees have rejected.

## DISCUSSION

A court should consider four factors in determining whether to stay an injunction pending an appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  In considering a stay, a court balances the equities between the parties and does not have to engage in a detailed analysis of the applicant's probability of success on the merits.  *Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 742 F. Supp. 2d 1055, 1061 (D.S.D. 2010).

"The applicant bears the burden of establishing the propriety of a stay."  *Id*. at 1060.  "A stay is an 'intrusion into the ordinary processes of administration and judicial review' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result.'"  *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations omitted).  Because a stay is discretionary and not a matter of right, the applicant bears the heavy burden of showing that the circumstances warrant an exercise of that discretion.  *Id*. at 433-434.

### 1. Likelihood of Success on the Merits

Southern Bakeries argues that the evidence failed to establish a causal relationship between employees who signed a withdrawal-of-recognition petition and Southern Bakeries'

2

alleged unfair labor practices, and therefore Southern Bakeries is likely to succeed on the merits of its appeal. In the Court's Order granting the preliminary injunction, the Court found that McKinney had presented sufficient evidence of a causal connection between the alleged unfair labor practices and the employees' withdrawal petition. McKinney offered evidence that between March 2012 and February 2013, Southern Bakeries had threatened job losses and plant closures, among other alleged unfair labor practices. In June 2013, employees presented a withdrawal petition to Rick Ledbetter, Southern Bakeries' executive vice president and general manager. Southern Bakeries maintains that the five month gap in time between submission of the withdrawal petition and the alleged unfair labor practices weighs against a finding of a causal nexus. Nevertheless, for a preliminary injunction, the Court only needs to consider whether McKinney is likely to establish a causal connection. The disparaging comments, threats, and coercive statements could have caused the employees' disaffection with the Union and tainted their withdrawal petition. *See Radisson Plaza Minneapolis v. N.L.R.B.*, 987 F.2d 1376, 1383 (8th Cir. 1993). Therefore, the Court does not agree with Southern Bakeries' contention that the Court erred in finding that McKinney had presented sufficient evidence of a causal nexus between the alleged unfair labor practices and the withdrawal petition. Accordingly, Southern Bakeries has failed to show a likelihood of success on the merits of its appeal.

### 2. Irreparable Injury to the Applicant

Southern Bakeries asserts that it should be under no obligation to continue bargaining with a union that the majority of appropriate-unit employees have rejected, and it will suffer irreparable harm if the Court's Order is not stayed pending appeal. It further alleges that its employees will suffer irreparable harm as they will lose the right to represent themselves individually. The Court disagrees. As discussed in the Court's Order granting the preliminary

injunction, the employees' loss of support for the Union can be attributed to Southern Bakeries' alleged unfair labor practices and not the employees' own free choice. Moreover, the preliminary injunction only requires the parties to bargain in good faith. This interim bargaining obligation does not compel Southern Bakeries to agree to any unfavorable terms or conditions urged by the Union. Accordingly, the Court finds that Southern Bakeries has failed to demonstrate that it will suffer irreparable harm if the Order is not stayed.

### 3. Injury to the Opposing Party

Southern Bakeries contends that a stay will not injure McKinney or the Union because (1) a complete remedy is available through the normal administrative process; (2) McKinney tarried nearly eight months before seeking injunctive relief; and (3) the Union has not enjoyed the majority support of the bargaining unit since May 2012. McKinney argues that for more than a year, Southern Bakeries has refused to recognize and bargain with the Union, and the Union's position has been undermined by Southern Bakeries' unlawful conduct. The Court agrees with McKinney that a stay of the preliminary injunction will prejudice McKinney and the Union. The longer Southern Bakeries refuses to recognize the Union, the harder it will be for the Union to regain support if the Board finds that Southern Bakeries' conduct was unlawful. Furthermore, months could pass before the Board issues a final decision. McKinney's delay in filing the petition does not undermine the case for temporary injunctive relief. As previously discussed in the Court's Order granting the preliminary injunction, a court is not required to take the timeliness of a National Labor Relations Act ("NLRA") petition into consideration when determining whether to grant temporary relief. *Hubbel v. Patrish LLC*, 903 F. Supp. 2d 813, 818 (E.D. Mo. 2012). Thus, the Court finds that this factor weighs against a stay of the preliminary injunction.

**4. Public Interest**

Southern Bakeries argues that the public interest lies in staying the preliminary injunction during the course of the appeal because a forced labor agreement would destroy the free choice of the employees and could lead to a labor dispute. The Court rejects this argument. McKinney established a likelihood of success on the merits with respect to the unfair labor practices in her Petition for Injunctive Relief. The likelihood that Southern Bakeries committed unfair labor practices counsels against a stay of the preliminary injunction. Moreover, Congress has revealed a strong public interest in protecting employees' rights to organize and bargain collectively through the NLRA. *Chester ex rel. N.L.R.B. v. Eichorn Motors, Inc.*, 504 F. Supp. 2d 621, 630 (D. Minn. 2007). Accordingly, public interest favors denying a stay of the preliminary injunction.

## CONCLUSION

For the reasons stated above, the Court finds that Southern Bakeries' Motion for Stay of Preliminary Injunction Pending Appeal (ECF No. 42) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 24th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge